UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MONAULD BLAISE,

    Plaintiff,                                              COMPLAINT

vs.

TEMPEST TRANSPORTATION, INC., a
Florida profit corporation,

    Defendant.
_____/

## **COMPLAINT**

COMES NOW Plaintiff MONAULD BLAISE ("Plaintiff"), who was an employee of Defendant TEMPEST TRANSPORTATION, INC. ("Defendant"), and by and through undersigned counsel files this Complaint for unpaid minimum wages, unpaid overtime wages, liquidated damages, and other relief and states as follows:

1. Plaintiff brings this action for unpaid minimum wages, unpaid overtime wages, liquidated damages, and other relief including attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Plaintiff worked as a local delivery driver for Defendant in June and July, 2016.

3. Plaintiff was not paid for all hours worked.

4. Plaintiff has repeatedly demanded payment of his wages due.

1

5. Plaintiff was forced to retain the undersigned and asks this Court to award reasonable attorney's fees and costs for unpaid minimum and overtime wages due under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

## I.   JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts business in this District; because all wages were earned and due to be paid in this District; because Defendant's operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims.

## II.   PARTIES

8. Plaintiff MONAULD BLAISE ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. During the time employed as a local delivery driver, [1] he was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

9. Defendant TEMPEST TRANSPORTATION, INC. ("Defendant") is a Florida profit corporation that employed Plaintiff.

## III.   COVERAGE

10. During all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of

---

[1] Plaintiff had worked for Defendant in other capacities prior to this period. These prior periods are not part of this lawsuit.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. During the all material times, Defendant was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. During all material times, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## COUNT I
## FAILURE TO PAY MINIMUM WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

13. Plaintiff reincorporates and re-alleges paragraphs 1-12 as though set forth fully herein and further alleges as follows:

14. Defendant hired Plaintiff to work as an hourly, non-exempt delivery driver in June and July, 2016.

15. Defendant willfully and intentionally suffered or permitted Plaintif to work without compensating him for all hours worked up to forty per week.

16. By suffering permitting Plaintiff to work without compensation, Plaintiff has been damaged for one or more weeks of work with Defendants

WHEREFORE, Plaintiff Monauld Blaise requests that this Court enter judgment against Defendant for the following relief:

a) Award to Plaintiff of all minimum wages owed for uncompensated work hours worked up to forty hours per week;

b) Award to Plaintiff of liquidated damages equal to the payment of all minimum wages owed for uncompensated work hours;

c) Award to Plaintiff of attorney's fees and costs;

d) Award to Plaintiff of other such and further relief as this Court may deem appropriate.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

17. Plaintiff reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

18. Defendant employed Plaintiff to work as an hourly, non-exempt delivery driver in June and July, 2016.

19. Defendant willfully and intentionally suffered or permitted Plaintiff to work more than forty hours per week without paying him at the correct overtime wage rate.

20. Defendant willfully and intentionally suffered or permitted Plaintiff to perform work-related duties in excess of forty hours per week without compensation.

21. By suffering or permitting Plaintiff to perform work-related duties in excess of forty hours per week without compensating him at the rate of one-and-a-half his regular wage, Defendant owes Plaintiff one-and-a-half times his regular wage for each hour worked in excess of forty hours in a week.

22. As a direct and proximate result of suffering or permitting Plaintiff to perform work-related duties in excess of forty hours per week without compensating him at the rate of one-and-a-half his regular wage, Plaintiff has been damaged for one or more weeks of work with Defendants.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff MONAULD BLAISE demands judgment in his favor and against Defendant as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per week at one-and-a-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all overtime hours at one-and-a-half times his regular rate of pay;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 17th day of October, 2016.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **October 17, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808