UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MONAULD BLAISE,

    Plaintiff,

vs.

                                  Case No.: 1:16-cv-24379-KMW

TEMPEST TRANSPORTATION,
INC., a Florida profit corporation.

    Defendant.
_____ /

**JOINT MOTION TO APPROVE SETTLEMENT**
**AND TO DISMISS CASE WITH PREJUDICE**

The parties, by and through counsel, hereby move for approval of the settlement reached in this action, and for an order dismissing the case with prejudice. As grounds for this motion, the parties state as follows:

1. The Parties have reached a settlement in this case. In support of the settlement, the Parties attached hereto as Exhibit "A" the Settlement Agreement executed by the Parties.

PROCEDURAL HISTORY

2. Plaintiff brought this action pursuant to the Fair Labor Standards Act (FLSA) seeking recovery of alleged unpaid minimum wages and unpaid overtime compensation.

3. Defendant, Tempest Transportation, Inc. ("Defendant"), opposed these claims, and raised disputes regarding the following issues: (1) the wages alleged to be owed to Plaintiff, (2) disputes over the number of hours worked by Plaintiff, (3) Plaintiff's entitlement to liquidated damages, and (4) Plaintiff's allegation that Defendant willfully violated the FLSA.

4. The parties, through their counsel, were involved in extensive settlement negotiations, including exchanging evidence (primarily payroll records, timecard reports, and check stubs).

5. Plaintiff posited estimated damages. Defendant continued to dispute the allegation that Plaintiff was not paid for all hours worked and denied owing Plaintiff any overtime compensation. Defendant denied a willful violation of the FLSA and denied the imposition of liquidated damages.

6. Based on the analysis of the records and numerous discussions, Plaintiff and Defendant have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable and adequate.

7. Accordingly, Plaintiff agreed to accept the sum of Eight Hundred Fifty Dollars ($850.00), along with attorneys fees and costs of One Thousand Four Hundred Fifty Dollars ($1,450.00).

## SETTLEMENT OF FLSA CLAIMS

8. Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which compromise claims under the FLSA can be settlement and released by employees.

9. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

10. Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, employees may settle and release FLSA claims against an

employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.; see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928, n.8, 90 L.Ed. 1114 (1946); *Jarrand v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

11. In detailing the circumstances justifying court approval of an FLSA settlement in litigation context, the Eleventh Circuit has stated as follows:

> Settlement may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## CONCLUSION

12. The Settlement Agreement will result in Plaintiff receiving a payment provided the Settlement Agreement has been fully executed by Plaintiff and the Court has entered an order approving the settlement and the Agreement and dismissal of the Case with Prejudice (the "Order). Defendant shall pay the total settlement amount of Two-Thousand Three-Hundred Dollars ($2,300.00), inclusive of attorneys fees and costs, within seven days after the Court enters its Order. The Settlement Agreement further allows the parties to put this case and all issues related to Plaintiff's employment behind them.

13. Plaintiff's counsel is experienced in wage and hour litigation and is fully satisfied that the resolution and the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate and that the agreed-upon resolution of the case and the Settlement Agreement are in Plaintiff's best interest.

14. The parties now request approval of the settlement and the Settlement Agreement and request a dismissal of this case with prejudice.

Date: January 3, 2017.

**Robert W. Brock II, Esq.**
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Email: robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

**Alyssa Pickles, Esq.**
Florida Bar No.: 119336
apickles@taylorattorneys.net
20 3rd Street SW, Suite 209
Winter Haven, FL 33880
P: 863.875.6950
F: 863.875.6955
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **January 3, 2017**, I electronically filed the foregoing document via the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filings generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

BLAISE v. TEMPEST TRANSPORTATION, INC.

CASE NO.: 16-24379-CIV-WILLIAMS

Service List

| | |
|---|---|
| **Robert W. Brock II, Esq.**<br>*Law Office of Lowell J. Kuvin*<br>17 East Flagler Street, Suite 223<br>Miami, Florida 33131<br>Tel.: 305.358.6800<br>Fax: 305.358.6808<br>Primary Email: robert@kuvinlaw.com<br>Secondary Email: legal@kuvinlaw.com<br>*Attorney for Plaintiff* | **Alyssa Pickles, Esq.**<br>Florida Bar No.: 119336<br>apickles@taylorattorneys.net<br>**J.W. Taylor, Esq.**<br>Florida Bar No.:120529<br>jtaylor@taylorattorneys.net<br>**Bridgette M. Blitch, Esq.**<br>Florida Bar No. 64969<br>bblitch@taylorattorneys.net<br>20 3rd Street SW, Suite 209<br>Winter Haven, FL 33880<br>P: 863.875.6950<br>F: 863.875.6955<br>Attorneys for Defendant |